**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4503

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PIERRE TOLLIVER,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:22-cr-00026-GMG-RWT-17)

Submitted:  October 8, 2024                        Decided:  October 11, 2024

Before AGEE and WYNN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Diana Stavroulakis, Weirton, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Lara K. Omps-Botteicher, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pierre Tolliver pleaded guilty to conspiracy to possess with intent to distribute and distribute Eutylone, in violation of 21 U.S.C. § 846. The district court initially sentenced Tolliver to the low end of the Sentencing Guidelines range of 37 months of imprisonment, and Tolliver appealed. After the Sentencing Commission enacted Amendment 821 to the Guidelines, Tolliver moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). We remanded the appeal to the district court for the limited purpose of considering Tolliver's unopposed motion for a sentence reduction. On remand, the district court granted Tolliver's motion, reducing his sentence to the low end of the amended Guidelines range of 33 months of imprisonment. On appeal, Tolliver argues that the sentence is procedurally and substantively unreasonable. We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (cleaned up). In conducting this review, we first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id*. (internal quotation marks omitted). When imposing a sentence, "the district court must make an individualized assessment based on the facts presented, . . . state in open court the reasons supporting its chosen sentence," and "address the parties' nonfrivolous arguments in favor of a particular sentence;" if the court rejects those arguments, it must explain why in a

2

manner allowing for meaningful appellate review. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (internal quotation marks omitted).

If a sentence is procedurally sound, we then review the substantive reasonableness of the sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). "When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Arbaugh*, 951 F.3d 167, 176 (4th Cir. 2020) (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable," and that presumption may only be rebutted by a showing that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Tolliver argues that the district court failed to sufficiently consider and explain its rejection of his arguments for a downward variance, and that the sentence is substantively unreasonable. We have reviewed the record, however, and conclude that the court sufficiently explained its reasons for imposing a sentence at the low end of the amended advisory Guidelines range. Specifically, the court cited Tolliver's role in and serious nature of the offense, Tolliver's extensive criminal history which included prior drug and assault offenses, and Tolliver's personal circumstances. The court rejected Tolliver's argument that he should receive a downward variance based on injuries he sustained from a prior shooting, noting that Tolliver continued to distribute drugs after his injury and that he could receive the treatment he needed in a medical facility. In addition, based on the factors

3

identified by the district court, Tolliver has failed to overcome the presumption of reasonableness applied to his within-Guidelines sentence.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*